REYNOLDS v. STRONG et al.

(Supreme Court, Appellate Term. March 14, 1907.)

1. MUNICIPAL CORPORATIONS—DEFECT IN SIDEWALK—LIABILITY OF ABUTTING PROPRIETOR.

In an action for injuries to plaintiff, who fell into a coal hole in the sidewalk, defendants admitted in their answer that they were in possession and control of the abutting building; but the evidence showed that defendants did not own the building, but that they were agents to collect rents, and hired the janitor, paid him, and rendered bills at the end of the month. *Held*, that such facts did not show any liability on the part of defendants, but that the owner of the building was liable in case there had been any negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1684–1687.]

2. SAME.

The owner of real estate abutting on a street is responsible for the condition of the sidewalk in front of his property, and can only be relieved therefrom when the one to whom he surrenders possession impliedly or expressly covenants to make the necessary repairs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1684–1687.]

3. SAME—ACTION—INSTRUCTIONS.

In an action for injuries sustained by plaintiff, who fell into a coal hole in a sidewalk, an instruction that defendants were in sufficient control and management of the abutting premises to make them liable was erroneous, as control does not create liability, but there must be some wrongful act or neglect.

Appeal from City Court of New York, Trial Term.

Action by Dora Reynolds against John M. Strong and another. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

George C. De Lacy, for appellants.
Smith & Engel (Robert P. Beyer, of counsel), for respondent.

GILDERSLEEVE, P. J.  The judgment herein is for damages sustained by the plaintiff, as the result of personal injuries she received in falling in a coal hole in the sidewalk in front of premises 306 West Thirteenth street, City of New York.  The defendants appeal.  The defendants admit in their answer that they "have possession and control" of the building and premises in question. The defendant John D. Ireland testified, and his testimony stands uncontradicted and unimpeached, that the defendants were never the owners or lessees of the said premises, but that they belonged to his father, John B. Ireland; that the defendants were agents to collect the rents, and had acted in that capacity for many years; and that they hired the janitor as agents for the property, paid him, and rendered bills at the end of the month.  From a careful consideration of the pleadings and the proof, it must be said that the defendants, at the time of the accident, were real estate agents having the property in charge for the owner, John B. Ireland, and that they never sustained any other relation thereto.  The admission in the answer that they were "in possession and control" must be viewed and construed in connection with the proof, and, when so viewed and construed, points clearly to the conclusion that their possession and control was as agents to collect rent for the owner.

The action is for negligence.  We fail to find in the case evidence of the violation of any duty the defendants owed to the plaintiff.  As a general rule the owner of real estate abutting upon a street is responsible for the condition of the sidewalk adjacent to and immediately in front of his property.  He can only be relieved from that responsibility when the one to whom he surrenders possession expressly or impliedly covenants to make the necessary repairs.  Spain v. Stiner, 51 App. Div. 481, 64 N. Y. Supp. 655.  The facts as established upon the trial of the case at bar do not relieve the owner from the operation of the general rule.  It is true that, irrespective of the legal title to the premises, if the appellants were in actual possession, under an obligation to make the necessary repairs, and were negligent in the performance of that obligation, and their negligence was the sole cause of the injury, they would be liable.  Spain v. Stiner, supra.  The proof does not support this proposition.  The burden of maintaining the affirmative of the issues presented by the pleadings was with the plaintiff, and remained with her throughout the trial.  She failed to sustain this burden, and there is no warrant for the verdict of the jury.

The learned trial justice, in his charge to the jury, stated that defendants were in sufficient control and management of the property to make them liable for any injury while they were in the management of that place.  We consider this statement of the law too broad, not technically accurate, and prejudicial to the defendants.  Had the learned court in other portions of the charge instructed the jury more specifically on the law of negligence applicable to the case, no error could have been predicated on the statement under consideration.  Actual possession and control do not necessarily create a liability.  Some wrongful act or neglect, some omission of duty, must be shown upon which to rest a liability. Upon the record before us we think that, if the plaintiff has a cause

of action, it is against the owner, John B. Ireland, and not against the defendants.

The judgment and order must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.